NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JESSE M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, G.S., *Appellees*.

No. 1 CA-JV 20-0314
FILED 3-4-2021

Appeal from the Superior Court in Maricopa County
No. JD532080
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Phoenix
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Brian Y. Furuya joined.

---

**T H U M M A**, Judge:

¶1        Jesse M. (Father) challenges the superior court's order terminating his parental rights to his daughter G.S. Because Father has shown no error, this court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2        G.S. was born in May 2010 to Father and A.S. (Mother). G.S. lived with Mother and her maternal grandmother in California until July 2018, when Mother took G.S. to Arizona to visit Mother's cousin. Mother returned to California the next month but left G.S. behind without explanation. When the Arizona Department of Child Safety (DCS) investigated, Mother refused to cooperate or provide DCS with her address. As Father could not be located, DCS filed a dependency petition as to both parents.

¶3        The superior court adjudicated G.S. dependent as to both parents in February 2019, approving a case plan of family reunification and placing G.S. with Mother's cousin. Despite outreach and encouragement from DCS, Father did not visit or have contact with G.S. for more than a year. In August 2019, after the court changed the case plan to severance and adoption, DCS moved to terminate Father's parental rights based on abandonment. *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(1) (2021).[1]

¶4        The superior court originally exercised temporary emergency jurisdiction over the dependency proceedings under A.R.S. § 25-1034, Arizona's version of the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA). During the May 2020 severance trial, however, Father referenced a California child support order. After briefing from the parties, and a UCCJEA conference with the Riverside, California commissioner who issued the child support order, the superior court determined that

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

because the order "did not include any child custody" provisions, it did not implicate the UCCJEA. Accordingly, the superior court found that Arizona had jurisdiction over the severance proceedings and was the child's home state for UCCJEA purposes. Both findings are supported by the record and neither is challenged on appeal.

¶5         After trial, the court granted DCS' petition to terminate based on abandonment, also finding that severance was in G.S.' best interests. This court has jurisdiction over Father's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-2101(A) and 12-120.21(A) and Ariz. R.P. Juv. Ct. 103–04.[2]

## DISCUSSION

¶6         As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8-533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights as long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citation omitted).

¶7         Father's sole argument on appeal is that the court erred in finding abandonment. Abandonment is defined as

> the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

---

[2] Although Mother's parental rights to G.S. were also terminated, she is not a party to this appeal.

A.R.S. § 8-531(1). "[A]bandonment is measured not by a parent's subjective intent, but by the parent's conduct: the statute asks whether a parent has provided reasonable support, maintained regular contact, made more than minimal efforts to support and communicate with the child, and maintained a normal parental relationship." *Michael J.*, 196 Ariz. at 249–50 ¶ 18. "'What constitutes reasonable support, regular contact, and normal supervision varies from case to case.'" *Id.* at 250 ¶ 20 (citation omitted). "Therefore, questions of abandonment . . . are questions of fact for resolution by the trial court," to which this court defers. *Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 4 (1990).

**¶8**        Father has not shown the superior court abused its discretion in finding abandonment. Father had limited and intermittent contact with G.S. for her entire life and is currently on felony probation in California for physically harming her. The record reflects that Father failed to provide G.S. with normal supervision or regular contact both before and after she moved to Arizona. And despite being ordered to pay child support, Father produced no evidence of any such payments besides his own contradicted testimony, which the court did not find persuasive.

**¶9**        The court found Father failed to "maintain a normal parental relationship" or to "undertake any of the myriad of responsibilities associated with parenting." Father does not challenge these findings, which the record supports. Instead, Father variously blames Mother, Mother's family and DCS for "prevent[ing]" him "from having a normal parental relationship" with G.S., urging reversal on these grounds. *See Calvin B. v. Brittany B.*, 232 Ariz. 292, 297 ¶ 21 (App. 2013). But unlike the father in *Calvin B.*, who "actively sought more involvement with [his] son than [his ex-wife] would allow," *Id.* at 297 ¶ 22, Father has shown no efforts to meaningfully bond with G.S. and thus cannot claim that any such efforts were frustrated. *See Michael J.*, 196 Ariz. at 251 ¶ 25 ("The burden to act as a parent rests with the parent, who should assert his legal rights at the first and every opportunity."); *Pima Cnty. Juv. Severance Action No. S–114487*, 179 Ariz. 86, 99 (1994) (affirming termination where the parent "failed to promptly and persistently grasp the opportunity to develop a relationship with his child or assert his legal rights"). Eight years of intermittent visits without financial support, cards, gifts, or letters, followed by two years of no more than the occasional phone call, do not constitute "regular contact, [or] normal supervision." *Michael J.*, 196 Ariz. at 250 ¶ 20 (citation omitted).

**¶10**        Father has failed to show the superior court's findings were not supported by sufficient evidence or were otherwise an abuse of discretion. Thus, the abandonment finding is affirmed. And, although not

challenged by Father, the record supports the superior court's best–interests findings.

## CONCLUSION

**¶11** Because Father has shown no reversible error, the order terminating his parental rights to G.S. is affirmed.

